NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4184
_____

JUDGE JOHN W. HERRON;
SENIOR JUDGE BENJAMIN LERNER;
JUDGE LEONARD N. ZITO;
JUDGE GERALD SOLOMON;

Appellants

v.

GOVERNOR OF PENNSYLVANIA;
SECRETARY OF THE COMMONWEALTH OF PENNSYLVANIA;
TREASURER OF THE STATE OF PENNSYLVANIA;
COURT ADMINISTRATOR OF THE COMMONWEALTH OF PENNSYLVANIA

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-12-cv-02577)
District Judge: Honorable John E. Jones, III
_____

Submitted Under Third Circuit LAR 34.1(a)
April 7, 2014

Before:  AMBRO, JORDAN, and ROTH, Circuit Judges

(Opinion filed:  April 29, 2014)
_____

OPINION
_____

AMBRO, <u>Circuit Judge</u>

Appellants Senior Judge Benjamin Lerner and Judges John W. Herron, Leonard N. Zito, and Gerald Solomon (collectively, the "Judges"), brought a federal action asserting that a Pennsylvania constitutional provision requiring all state judges to retire in the year they turn 70 violates the Equal Protection Clause of the Fourteenth Amendment to our Constitution. After careful consideration, the District Court dismissed the Amended Complaint with prejudice. For the reasons that follow, we affirm.

## I. BACKGROUND

Article V, section 16(b) of the Pennsylvania Constitution requires that all "[j]ustices, judges and justices of the peace shall be retired on the last day of the calendar year in which they attain the age of 70 years." Pa. Const. art. V, § 16(b) (2001). In 2012, the Judges filed multiple actions in the Commonwealth Court of Pennsylvania attacking the constitutionality of section 16(b). After Appellees Governor Thomas W. Corbett and Secretary Carol T. Aichele (collectively, "the Commonwealth") removed the case to federal court, the Judges filed an Amended Complaint asserting violations of the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment.[1] The Commonwealth filed a Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The District Court granted the Commonwealth's motion and dismissed the Judges' Amended Complaint with prejudice, holding that the claims were foreclosed by controlling precedent. J.A. at 6, 21 ("Perhaps

---

[1] Initially the Judges filed two separate complaints. These actions were consolidated by the District Court in February 2013. In any event, the due process issue is not before us.

2

better than anyone else, the Plaintiffs before us recognize the legal principle of *stare decisis*, which directs us in the matter *sub judice* to but one result."). Consistent with that precedent, the Court considered section 16(b) under rational basis review and affirmed the provision's constitutionality. J.A. at 13, 21. Accordingly, the District Court dismissed the Amended Complaint for failure to state a claim. The Judges filed this appeal.

## II. DISCUSSION

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction over this appeal of the District Court's final order under 28 U.S.C. § 1291. We review *de novo* a dismissal under Rule 12(b)(6). *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008) (citing *Omnipoint Commc'ns Enters., L.P. v. Newtown Twp.*, 219 F.3d 240, 242 (3d Cir. 2000)). Accordingly, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether the plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d. Cir. 2010).

On appeal, the Judges' only claim is that section 16(b) violates their equal protection rights. As the District Court correctly held, this argument is foreclosed by the Supreme Court's decision in *Gregory v. Ashcroft*, 501 U.S. 452, 473 (1991), and our decision in *Malmed v. Thornburgh*, 621 F.2d 565 (3d Cir. 1980). In *Malmed* we held that section 16(b) does not violate the Equal Protection Clause. *Id.* at 573. When faced with

3

a challenge to Missouri's analogous mandatory retirement provision, the Supreme Court held that law not to cross the line of equal protection. *See Gregory*, 501 U.S. at 473.[2]

The Judges contend that, despite this binding precedent, the recent Supreme Court cases of *United States v. Windsor*, 133 S. Ct. 2675 (2013), and *Shelby County v. Holder*, 133 S. Ct. 2612 (2013), require reconsideration of the constitutionality of section 16(b). However, *Gregory* is controlling and we are required to follow it unless it is explicitly overruled by the Supreme Court. *See Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989) ("[T]he Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."). Neither *Windsor* nor *Shelby County* explicitly overruled *Gregory*, let alone addressed legislation analogous to section 16(b). We thus are in no position to break from that controlling precedent. As neither *Windsor* nor *Shelby County* are "intervening authority" on the precise issue in question, we are bound by our decision in *Malmed* supported by the later Supreme Court decision in *Gregory*. *See Reich v. D.M. Sabia Co.*, 90 F.3d 854, 858 (3d Cir. 1996).

We thus affirm.

---

[2] Article V, section 26(1) of the Missouri Constitution provides that "[a]ll judges other than municipal judges shall retire at the age of seventy years . . . ." Mo. Const. art. V, § 26(1).